**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000427**
**10-AUG-2012**
**09:09 AM**

NO. CAAP-11-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WENDY PIERCE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-10-006049)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Wendy Pierce ("Pierce") appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on April 27, 2011 in the District Court of the Second Circuit, Wailuku Division ("District Court").[1]

Pierce was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes ("HRS") § 291C-105(a)(1) (2007)[2] following the issuance of a citation by Officer Jonathan Kaneshiro to Pierce on October 20, 2010 (for excessive speeding of 77 miles per hour in a 45-mile-per-hour zone).

---

[1] The Honorable Blaine Kobayashi presided.

[2] **Excessive speeding.** (a) No person shall drive a motor vehicle at a speed exceeding:

(1) The applicable state or county speed limit by thirty miles per hour or more[.]

HAW. REV. STAT. §291C-105(a)(1).

On appeal, Pierce contends that the District Court erred in admitting evidence of the laser-gun reading after the State failed to establish that (1) the laser gun was tested according to the manufacturer's recommended procedures and that it was operating properly, and (2) Officer Kaneshiro's training to use of the laser gun met the manufacturer's requirements.[3/] Consequently, Pierce contends that the District Court erred in convicting her based upon insufficient admissible evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pierce's points of error as follows:

(1) Sufficient foundation for admission of the laser-gun reading requires evidence "that the laser gun's accuracy was tested according to procedures recommended by the manufacturer." *State v. Assaye*, 121 Hawai'i 204, 213-15, 216 P.3d 1227, 1236-38 (2009).

Here, the laser gun at issue was an LTI 20/20 True Speed (The "True Speed" is spelled "TruSpeed," according to LTI's website, but both parties referred to it as the "True Speed"). Officer Kaneshiro testified that he had reviewed the manufacturer's recommended testing procedures in the user's manual, which bore the manufacturer's emblem. In August 2010, he attended a three-day training course on how to use and test the

---

[3/]    Pierce also contends that the District Court erroneously admitted the laser-gun reading because the State failed to establish that "the laser gun had been inspected and serviced as required by the manufacturer." Pierce, however, has not shown us where she objected to the admission of the laser-gun reading on the basis that the gun had not been inspected and serviced as required by the manufacturer. Consequently, we will not consider the issue. Haw. R. App. P. 28(b)(4).

True Speed taught by Bob Lung, a former police officer who held himself out to be an independent contractor and consultant of the manufacturer, and was a certified trainer. Officer Kaneshiro stated that his training did not conflict with what he had read in the user's manual. Officer Kaneshiro testified that, on October 20, 2010, before, during, and after his shift, he tested the True Speed "according to the manufacturer's recommended standards" and determined that, "based on the training and the manufacturer testing procedures," the True Speed was operating properly.

This testimony is sufficient to show that the laser gun's accuracy was tested according to procedures recommended by the manufacturer. *Assaye*, 121 Hawaiʻi at 212-13, 216 P.3d at 1235-36 (analyzing *State v. Manewa*, 115 Hawaiʻi 343, 167 P.3d 336 (2007)).

(2) Furthermore, to properly admit the laser-gun reading into evidence the State must prove that "the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." *Id*. at 204, 213-15, 216 P.3d at 1236-38.

Here, Officer Kaneshiro testified that he had read the True Speed's user's manual, and claimed that the user's manual indicated what the manufacturer's procedures were with regard to training. Officer Kaneshiro attended a three-day training course taught by Bob Lung where he was instructed on "[t]he basic principals [sic] of laser operation, how the instrument works, how to correctly utilize the laser, . . . and then how to instruct others in the use of the laser." Furthermore, Officer

3

Kaneshiro testified that this training was consistent with the user's manual.

The trial court's determination of whether proper foundation has been established for the introduction of evidence is reviewed for abuse of discretion. *Assaye*, 121 Hawaiʻi at 210, 216 P.3d at 1233. Pierce has not shown an abuse of discretion. *See, e.g.*, *State v. Jenkins*, No. 30295, 2011 WL 1620643, at *4 (Haw. Ct. App. Apr. 29, 2011), *cert. denied*, SCWC-30295, 2011 WL 4448945 (Haw. Sept. 27, 2011); *State v. Lalonde*, No. 30482, 2011 WL 2520277, at *3 (Haw. Ct. App. June 22, 2011).

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on April 27, 2011 in the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED: Honolulu, Hawaiʻi, August 10, 2012.

On the briefs:

Bronson Avila,
Deputy Public Defender,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4